George M. Fanelli, J.
In this article 78 proceeding, previously decided by this court by opinion dated May 10, 1957 (6 Mise 2d 571), petitioners sought to review and annul the determination of the Board of Appeals of the Village of Scars-dale wherein said board refused to accept and entertain on the merits an appeal by petitioners relating to the issuance of a building permit by the building inspector for the erection of a shopping center.
The respondent board did not serve an answer to the petition as provided in section 1291 of the Civil Practice Act. Instead, as was its right under section 1293 of the Civil Practice Act, it cross-moved for an order dismissing the petition as a matter of law upon the ground that it failed to state facts sufficient to constitute a cause of action. Under settled law relating to such procedure the respondent thus admitted and conceded the truth of the facts asserted in the allegations of the *664 petition, and every favorable inference which might reasonably be drawn therefrom.
The record then before the court disclosed that the basis for the board’s refusal to entertain petitioners’ appeal was its finding, as a matter of law, that petitioners were not and could not “ be found to be aggrieved persons within the meaning of the applicable statute ” (see resolution of the board, par. 6). The record further indicated that respondent refused to even consider petitioners’ appeal on the merits, but first desired to determine preliminarily whether or not they were “ aggrieved persons ”. In this connection, the admitted record disclosed that petitioners at all times requested the opportunity to present sworn testimony relating to their “ aggrieved status ”. This opportunity was denied them and by the afore-mentioned resolution the respondent board held as a matter of law that petitioners did not “ support a finding that they have suffered or will suffer any special injury or damage to their person or property rights which would make them aggrieved persons within the meaning of the statute ’ ’.
After due deliberation and upon the undisputed record and the admitted allegations of the petition, the court was of the opinion that the action of the respondent board in so refusing to accept and entertain petitioners’ appeal and in deciding as a matter of law without a hearing that petitioners were not “aggrieved persons” was without legal basis and was arbitrary and capricious. Accordingly, the respondent’s determination was annulled, its cross motion to dismiss for legal insufficiency was denied, and the proceeding was ordered remitted to said board for the purpose of conducting a full and complete hearing so that petitioners could submit sworn testimony to sustain, if they could, their contentions that they were “ aggrieved persons ” within the meaning and spirit of section 179-b of the Village Law.
In this connection, the court was careful in its opinion to point out that such a finding on its part was not to be construed as indicating what the board’s ultimate determination should be. The court was then, and still is of the view that the proper administration of justice dictates that petitioners at least have the opportunity to have a full and complete hearing at which they could, if so advised, submit sworn testimony and evidence.
Now, upon the settlement of the order to be entered in accordance with the court’s decision, as afore-mentioned, respondent board moves by way of order to show cause for leave to interpose an answer to the afore-mentioned petition. Respondent’s counsel, who is the village attorney of the Village of Scarsdale, *665 now contends that if permitted to serve an answer the board would allege in substance that petitioners were in fapt given a full hearing and were afforded a full opportunity to present evidence to the board that they were “ aggrieved persons ” and that petitioners waived the presentation of any further evidence or oral argument and agreed to submit the entire matter to the board for decision on the basis of written statements and arguments. The difficulty with counsel’s argument and the contention is that the only documentary evidence and evidentiary facts submitted to the court in connection with the afore-mentioned proceeding were those attached to and made a part of the petition, and in the opinion of the court same unequivocally indicated that petitioners were not afforded the opportunity to have a full and complete hearing for the purpose of establishing, if they could, that they were 11 aggrieved persons. ” Consequently, counsel’s present contention is without merit and contrary to the documentary evidence and evidentiary facts.
The court finds that no issue exists which respondent may now raise by answer concerning the admitted factual showing disclosed in the petition, and accordingly, the application for leave to answer the petition is denied.
The court notes with interest the deep concern of the village attorney as to the ‘ ‘ rights of the property owner to whom the building permit was issued ” and his further observation that this court should not make a determination 1 ‘ until the respondents and the property owner affected have been afforded every opportunity to present all the facts to this court ” (emphasis mine). In this connection the court wishes to observe that apparently the matter before the board was an important one both to the interested property owner and to the objecting citizens and neighboring property owners in the same community and the court shares the said concern of counsel. Under such circumstances the board and the village attorney, who as public officials represent the community at large, should have insisted and should now insist that petitioners, as well as the interested property owner, have the unhampered opportunity to present all the facts to the board in a full and complete hearing (emphasis mine). This is the true spirit of zoning.
The respondent’s motion is denied and the court will sign the settled order with the third and fourth 1 ‘ ordered ’ ’ paragraphs thereof deleted.
Settle order on notice.